UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE JUDGE ROTENBERG EDUCATIONAL  Index No.: CV-10-3628
CENTER INC.,  (ADS) (ARL)

                Plaintiff,

     -against-  ANSWER TO SECOND
                                                     AMENDED COMPLAINT
GREGORY J. BLASS, Commissioner, Suffolk
County Department of Social Services in his
Official Capacity, SUFFOLK COUNTY,  (Electronically Filed)

                Defendants.
----------------------------------------------------------------X

      Defendants, GREGORY J. BLASS, Commissioner, Suffolk County Department of Social Services in his Official Capacity, and SUFFOLK COUNTY, by their attorney, CHRISTINE MALAFI, Suffolk County Attorney, by Drew W. Schirmer, Assistant County Attorney, answering the allegations contained in plaintiff's Second Amended Complaint herein, respectfully allege the following upon information and belief:

### *ANSWERING GENERAL ALLEGATIONS*

1.    Defendants deny all allegations contained in paragraph numbered "1" of the Second Amended Complaint except admit that services were provided to RP at the JRC by plaintiff.

2.    Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraphs numbered "2", "6", "7", "9", "10", "21", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "34", "35", "36", "37", "38", "40", "41", "42", "43", "44", "45", "46", "47", "48" and "49" of the Second Amended Complaint.

3.    Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraph numbered "3" of the Second Amended Complaint except

admit that Gregory J. Blass is the Commissioner of the Suffolk County Department of Social Services and is the person responsible for administering the Medicaid, child and adult protective service programs, and welfare related programs in Suffolk County and that Suffolk County, was and still is a municipality and political subdivision duly organized under the laws of the State of New York.

4. Defendants neither admit nor deny the allegations contained in paragraphs numbered "4", "11", "12", "13" and "39" of the Second Amended Complaint as they set forth conclusions of law. To the extent that a response is required, those allegations are denied.

5. Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraphs numbered "5", "14", "15", "16", "17", "18", "19", "20", and "22" of the Second Amended Complaint and refer all questions of law and fact to this Honorable Court.

6. Defendants deny all allegations contained in paragraph numbered "8" of the Second Amended Complaint and refer all questions of law and fact to this Honorable Court.

7. Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraph numbered "33" of the Second Amended Complaint except admit that SCDSS did not petition the court to appoint a guardian for RP.

## *AS TO PLAINTIFF'S FIRST CAUSE OF ACTION*

8. Defendants repeat, reiterate and reallege each and every denial to the paragraphs numbered "1" through "49" inclusive, with the same force and effect as if the same were set forth at length herein.

9. Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraphs numbered "50", "51" and "57" of the Second Amended

Complaint and refer all questions of law and fact to this Honorable Court.

10. Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraphs numbered "52", "54", "55" and "56" of the Second Amended Complaint.

11. Defendants deny all allegations contained in paragraphs numbered "53" and "58" of the Second Amended Complaint.

### *AS TO PLAINTIFF'S SECOND CAUSE OF ACTION*

12. Defendants repeat, reiterate and reallege each and every denial to the paragraphs numbered "1" through "58" inclusive, with the same force and effect as if the same were set forth at length herein.

13. Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraph numbered "59" of the Second Amended Complaint and refer all questions of law and fact to this Honorable Court.

14. Defendants deny all allegations contained in paragraphs numbered "60", "61" and "62" of the Second Amended Complaint.

### *AS TO PLAINTIFF'S THIRD CAUSE OF ACTION*

15. Defendants repeat, reiterate and reallege each and every denial to the paragraphs numbered "1" through "62" inclusive, with the same force and effect as if the same were set forth at length herein.

16. Defendants deny all allegations contained in paragraphs numbered "63" and "64" of the Second Amended Complaint.

### *AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION*

17. Defendants repeat, reiterate and reallege each and every denial to the paragraphs

numbered "1" through "64" inclusive, with the same force and effect as if the same were set forth at length herein.

18. Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraph numbered "65" of the Second Amended Complaint and refer all questions of law and fact to this Honorable Court.

19. Defendants deny knowledge or information sufficient to form a belief as to all allegations contained in paragraph numbered "66" of the Second Amended Complaint.

20. Defendants deny all allegations contained in paragraphs numbered "67" and "68" of the Second Amended Complaint.

### *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

21. That the Second Amended Complaint fails to state a claim upon which relief can be granted.

### *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

22. That the action is barred in whole or in part by the applicable Statute of Limitations and/or under the doctrine of laches.

### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

23. If plaintiff sustained any damages as alleged in the Second Amended Complaint, such damages were caused, aggravated or contributed to by plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to plaintiff must be reduced in such proportion and to the extent that the damages complained of were caused, aggravated or contributed to by such failure to mitigate damages.

### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

24. That plaintiff is barred from asserting the claims set forth in the Complaint

on account of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. That plaintiff is barred from asserting the claims set forth in the Complaint under the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. That any damages sustained by plaintiff, if any, were caused, in whole or in part, by plaintiff's own culpable conduct.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. That defendants are not liable for any punitive damage awards.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28. That defendant Blass, at all times complained of, acted in good faith in that he reasonably believed that he was exercising and acting within his statutory and constitutional powers.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. That defendant Blass, at all times complained of, acted reasonably and in good faith in the discharge of his official duties and responsibilities; that defendant Blass acted solely pursuant to his duties and responsibilities as a public official; that defendant Blass reasonably believed that he was exercising and acting within his statutory and constitutional powers; and that in so performing such duties and responsibilities; that defendant Blass is and was protected by absolute and/or qualified federal and/or state immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30. That plaintiff failed to exhaust all available remedies under law before the commencement of this action.

### *AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE*

31. That defendants acted reasonably under the facts and circumstances herein.

### *AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE*

32. That, upon information and belief, plaintiff failed to send invoices regarding the care and maintenance of RP during the period from December 5, 2008 to December 15, 2009 to defendant Blass or the Suffolk County Department of Social Services.

### *AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE*

33. That defendants are not liable or otherwise legally responsible for payment of RP's care and maintenance at plaintiff's facility from December 5, 2008 to December 15, 2009, as a matter of law.

### *AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE*

34. That, upon information and belief, some other party, not defendants, is and was liable or otherwise legally responsible for payment of RP's care and maintenance at plaintiff's facility from December 5, 2008 to December 15, 2009, as a matter of law.

### *AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE*

35. That no implied contract was formed by and between plaintiff and defendants, for payment of RP's care and maintenance at plaintiff's facility from December 5, 2008 to December 15, 2009, and, therefore, there could not and cannot be a breach of an implied contract by said defendants, as a matter of law.

### *AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE*

36. That by reason of the fact that defendants are not, and were not, liable or otherwise legally responsible for payment of services provided to RP by plaintiff from December 5, 2008 to December 15, 2009, said defendants have not been unjustly enriched by services

rendered by plaintiff, as a matter of law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

37. That the Second Amended Complaint fails to allege facts sufficient to state a valid cause of action, for breach of implied contract, upon which relief can be granted.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

38. That the Second Amended Complaint fails to allege facts sufficient to state a valid cause of action, for unjust enrichment, upon which relief can be granted.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

39. That the Second Amended Complaint fails to allege facts sufficient to state a valid cause of action, for restitution, upon which relief can be granted.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

40. That the Second Amended Complaint fails to allege facts sufficient to state a valid cause of action, based on quantum meruit, upon which relief can be granted.

WHEREFORE, Defendants, GREGORY J. BLASS, Commissioner, Suffolk County Department of Social Services in his Official Capacity, and SUFFOLK COUNTY, respetfully request that the Court grant the following relief:

1) dismiss the Second Amended Complaint in its entirety, with prejudice;

2) declare that no implied contract was formed between Plaintiff and Defendants for payment of RP's care and maintenance at Plaintiff's facility from December 5, 2008 to December 15, 2009, and, therefore, there was no breach of an implied contract by defendants, as a matter of law;

3) declare that Defendants were not unjustly enriched by reason of services provided to RP by Plaintiff from December 5, 2008 to December 15, 2009, as a matter of law;

4) declare that Defendants are not liable or otherwise legally responsible for restitution, costs, interest or attorneys' fees, to Plaintiff, as a matter of law;

5) declare that Defendants are not liable or otherwise legally responsible, under quantum meruit, for damages, costs, interest or attorneys' fees, to Plaintiff, as a matter of law;

6) grant such other relief as the Court may deem just, proper and equitable.

Dated: Hauppauge, New York
May 24, 2011

                                Yours, etc.,

                                CHRISTINE MALAFI
                                Suffolk County Attorney

By: _____
      Drew W. Schirmer
      Assistant County Attorney
      Attorney for Defendants
      H. Lee Dennison Building
      100 Veterans Memorial Highway
      P.O. Box 6100
      Hauppauge, New York 11788-0099
      (631) 853-4051

To:   JOCELYNE S. KRISTAL, ESQ.
      Attorney for Plaintiff
      19 Court Street
      White Plains, New York 10601
      (914) 287-0230

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE JUDGE ROTENBERG EDUCATIONAL            Index No.: CV-10-3628
CENTER INC.,                                                          (ADS) (ARL)

            Plaintiff,

    -against-

GREGORY J. BLASS, Commissioner, Suffolk
County Department of Social Services in his
Official Capacity, SUFFOLK COUNTY,            (Electronically Filed)

           Defendants.
------------------------------------------------------------X

---

**ANSWER TO SECOND AMENDED COMPLAINT**

---

CHRISTINE MALAFI
Suffolk County Attorney
By: Drew W. Schirmer
Assistant County Attorney
Office & P.O. Address
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-4049